IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAELA ALVAREZ, Special Administrator for the Estate of Adriana Alvarez;<br><br>Plaintiff,<br><br>vs.<br><br>NEW LACHAUSSEE S.A., HORNADY MANUFACTURING COMPANY, PLATTE VALLEY ENERGETICS, LLC, and TRAINING & CONSULTING, LLC,<br><br>Defendants. | 4:25CV3104<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's Motion to Remand (Filing No. 23), the United States Magistrate Judge's Findings and Recommendation (Filing No. 37) recommending that the motion be granted, and defendant New Lachaussée, S.A. ("New Lachaussée")'s Objections to the Findings and Recommendation, (Filing No. 38). The Court will overrule the objections, adopt the findings and recommendation, and grant the motion to remand.

## BACKGROUND

Adriana Alvarez worked as an operator in a primer mixing facility in Grand Island, Nebraska. (Filing No. 21-1 at 5). On October 13, 2023, the primer compound she was mixing exploded, killing her. (Filing No. 21-1 at 7-8). Her spouse Michaela—the special administrator of her Estate—then filed this negligence suit in state court. (Filing No. 21-1 at 1).

Defendants Hornady Manufacturing Company ("Hornady") and Platte Valley Energetics, LLC ("PVE") moved to dismiss the claims against them. (Filing No. 21-1 at 77). Because they jointly employed Adriana, they argued, the plaintiff's negligence claim was barred by the

exclusivity provisions of the Nebraska Workers' Compensation Act. (Filing No. 21-1 at 77). The state court denied that motion. (Filing No. 21-1 at 126-32).

New Lachaussée—with the consent of the other defendants—removed the case to this Court on April 28, 2025. (Filing No. 1). In its notice of removal, it asserted that jurisdiction exists here under both 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity jurisdiction). The plaintiff timely moved to remand this case back to the state court (Filing No. 23), and the Magistrate Judge recommended that the Court grant that motion, (Filing No. 37). New Lachaussée objects to the findings and recommendation. (Filing No. 38).

**DISCUSSION**

The Magistrate Judge correctly held that neither federal question nor diversity jurisdiction exists here, and none of New Lachaussée's arguments to the contrary are persuasive. The Court agrees that it lacks subject matter jurisdiction over this case and that it should be remanded.[1]

The Court starts with federal question jurisdiction. The plaintiff's sole cause of action is a state law negligence claim, making this case unlike "the vast majority of cases brought under the general federal question jurisdiction of the federal courts"—i.e., "those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). New Lachaussée nevertheless argues that a federal question exists because of the plaintiff's reliance on OSHA standards in her complaint. (Filing No. 38 at 4).

New Lachaussée is wrong. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation,"

---

[1] As other judges in this district have recognized, there "is a split of authority regarding whether a Magistrate Judge's decision on a motion to remand is dispositive or nondispositive for purposes of review by an Art. III judge." *Misle Properties, LLC v. LBUBS 2004-C2 Cranberry Retail GP, LLC*, 2018 WL 6831161, at *1 n.2 (D. Neb. Dec. 27, 2018); *Conserv Flag Co., LLC v. Twin City Fire Ins. Co.,* 2024 WL 3717185, at *1 (D. Neb. Aug. 5, 2024). "[M]any courts have concluded that such an order is effectively dispositive." *Misle Properties,* 2018 WL 6831161, at *1 n.2 (collecting cases). So out of caution, and as it has done before, the Court has reviewed the Magistrate Judge's Findings and Recommendation de novo. *See Galindo as next friend of Est. of Behrens v. BNSF Ry. Co.,* 672 B.R. 433, 437 n.5 (D. Neb. 2025).

2

for example," does not state a claim "arising under the Constitution, laws, or treaties of the United States." *Merrell Dow*, 478 U.S. at 817 (citation modified).

But that is exactly the situation here. As the Magistrate Judge aptly noted, the plaintiff relies on the defendants' alleged OSHA violations to satisfy the breach element of her negligence cause of action. (Filing No. 37 at 4); *see Chew v. Am. Greetings Corp.*, 754 F.3d 632, 637 (8th Cir. 2014) (noting that violations of OSHA regulations "do not independently create private rights of action"). The plaintiff alleges that the defendants breached their duty toward Adriana by, among other ways, violating two regulations—29 C.F.R. § 1910.119(e)(3) and 29 C.F.R. § 1910.19. (Filing No. 21-1 at 12, 14). References to those regulations are made "for purposes of measuring Defendants' negligence and not claims for relief under . . . OSHA regulations." *Lincoln Sav. Bank v. Tyson Foods, Inc.*, 2023 WL 2119476, at *2 (N.D. Iowa Feb. 17, 2023). This case therefore does not fall within that "special and small category" where federal question jurisdiction exists over a state law claim. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

New Lachaussée also faults the Magistrate Judge for "appl[ying] an overly narrow interpretation" of *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519 (8th Cir. 2020). (Filing No. 38 at 4). There, the Eighth Circuit recognized that "*Merrell Dow* forecloses the removal of state law claims that merely include a violation of federal law as an element of the offense, without other reliance on federal law." *Id.* at 521. The complaint in *Wullschleger* "consist[ed] of more" than just state law claims. *Id.* at 522. The plaintiffs "explicitly claim[ed]" that the defendants violated federal law and were noncompliant with federal guidance. *Id.* The Eighth Circuit held that the plaintiffs' "dependence on federal law permeates the allegations such that the antitrust and unjust enrichment claims cannot be adjudicated without reliance on and explication of federal law." *Id.* The plaintiffs' "prayer for relief" underscored that conclusion in that it sought "injunctive and declaratory relief that necessarily require[d] the interpretation and application of federal law." *Id.*

The plaintiff's complaint here, however, is a far cry from the *Wullschleger* plaintiffs'. The Magistrate Judge carefully explained why *Wullschleger* is distinguishable, and the Court sees no error in her analysis. (Filing No. 37 at 4-5). Most importantly, the Court agrees that the plaintiff's negligence claim *can* be "adjudicated without reliance on and explication of federal law." *Wullschleger*, 953 F.3d at 522. As the plaintiff points out, her complaint alleges many alternative acts of negligence that are not premised on any violations of federal law. (Filing No. 39 at 4); *cf.*

3

*Burrell v. Bayer Corp.*, 918 F.3d 372, 383 (4th Cir. 2019) ("A federal question is not 'necessarily' raised under § 1331 unless it is essential to resolving a state-law claim, meaning that *every* legal theory supporting the claim requires the resolution of a federal issue.") (emphasis in original) (citation modified). New Lachaussée's insistence that the plaintiff's negligence claim is "exclusively" premised on violations of federal law therefore misses the mark. (Filing No. 38 at 7).

In sum, the Magistrate Judge correctly found that the plaintiff's complaint merely alleges violations of OSHA as an element of her state law negligence claim. *See Merrell Dow*, 478 U.S. at 817. Under well-established Supreme Court precedent, that is not enough to confer federal question jurisdiction.

The Court also agrees that diversity jurisdiction does not exist here. No party disputes that the plaintiff and defendants Hornady and PVE are citizens of Nebraska for jurisdictional purposes. (Filing No. 37 at 5). That would ordinarily rule out the possibility of diversity jurisdiction. *See, e.g., Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

New Lachaussée seeks to avoid that conclusion by claiming that Hornady and PVE were fraudulently joined. *See Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 809 (8th Cir. 2003) ("When, as here, the respondent has joined a non-diverse party as a defendant in its state case, the petitioner may avoid remand-in the absence of a substantial-federal question-only by demonstrating that the non-diverse party was fraudulently joined."). The Magistrate Judge disagreed. (Filing No. 37 at 8).

New Lachaussée argues that the Magistrate Judge "erred in failing to recognize that PVE was Adriana's direct employer and that Hornady was PVE's insurer and thus there exists no viable cause of action asserted against either." (Filing No. 38 at 7). Pointing to the exclusivity provisions of the Nebraska Workers' Compensation Act,[2] New Lachaussée relies heavily on what it calls

---

[2] *See* Neb. Rev. Stat. § 48-148 ("If any employee, or his or her dependents in case of death, of any employer subject to the [Act] . . . accepts any payment from such employer, or from any insurance company carrying such risk . . . such action shall constitute a release to such employer of all claims or demands at law, if any arising from such injury."); Neb. Rev. Stat. § 48-111 (for the purposes of interpreting whether the exclusivity provision applies, "the term employer shall also include the insurer" "if the employer carries a policy of workers' compensation insurance").

"unambiguous proof that PVE was [Adriana's] employer (via W-2s and pay stubs)[.]" (Filing No. 38 at 8).

There was no such error. "In the fraudulent joinder context, neither the Eighth Circuit nor the Supreme Court have approved of using documents outside the pleadings in order to evaluate whether a plaintiff can establish a claim against a diversity-destroying defendant." *Galindo,* 672 B.R. at 438-39 (quoting *Dillard v. Silvercote, LLC*, 2018 WL 2364281, at *4 (E.D. Mo. May 24, 2018)); *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983) ("Fraudulent joinder exists if, *on the face of plaintiff's state court pleadings*, no cause of action lies against the resident defendant.") (emphasis added). For her part, the plaintiff points out that she did not plead that PVE was Adriana's employer and contends that discovery would shed more light on that issue. (Filing No. 39 at 7). Thus, consideration of the documents New Lachaussée submitted in support of its motion to remand could lead to a "premature merits decision" as to the claims against Hornady and PVE, "which would itself be improper," as the Magistrate Judge noted. *Galindo,* 672 B.R. at 439; *see Wright Construction Services, Inc. v. Liberty Mutual Insurance Company*, 2018 WL 3458703, *3 (E.D. Mo. 2018).

Even if the Court were to consider the documents New Lachaussée submitted, the Magistrate Judge correctly recognized it is not "clear" that the plaintiff's claims against Hornady and PVE are barred. (Filing No. 37 at 8); *see Filla,* 336 F.3d at 810 ("[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."). As the Magistrate Judge noted, "[t]here is no evidence Plaintiff accepted [workers' compensation] benefits" from Hornady. (Filing No. 37 at 7). New Lachaussée failed to address that finding in its objection. Nor did the Magistrate Judge have the "responsibility to definitively settle the ambiguous question of" whether PVE was Adriana's employer for purposes of the Nebraska Workers' Compensation Act. *Filla,* 336 F.3d at 811.

In sum, New Lachaussée may think its "uncontroverted evidence" makes it "abundantly clear" that the plaintiff's claims against Hornady and PVE are precluded (Filing No. 38 at 9), but a court with jurisdiction must make that call. *See Filla*, 336 F.3d at 811 ("[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand

but simply to remand the case and leave the question for the state courts to decide.") (citation modified). Therefore, the Magistrate Judge did not err in finding that joinder of PVE was not fraudulent. Because the plaintiff and PVE are both citizens of Nebraska, diversity jurisdiction does not exist.

One loose end remains. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The plaintiff seeks those costs and fees here. (Filing No. 39 at 9).

The standard for awarding costs and fees under § 1447(c) turns "on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). But a district court "retain[s] discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the Court does not consider the motive of the removing defendant. *See id.* The Court must instead "consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Id.* (citation omitted).

Applying that standard here, the Court concludes that an award under § 1447(c) is not warranted. The Court cannot say that New Lachaussée lacked an objectively reasonable basis for seeking removal. New Lachaussée's arguments that either federal question or diversity jurisdiction exists—while ultimately unavailing—were not so unreasonable as to justify an award under § 1447(c). There are no "unusual circumstances" otherwise present that would warrant a departure from the usual rule. The Court will therefore deny the plaintiff's request for costs and fees. Accordingly,

**IT IS ORDERED:**

1. Defendant New Lachaussée, S.A.'s Objections to the Findings and Recommendation (Filing No. 38) are overruled.
2. The Magistrate Judge's Findings and Recommendation (Filing No. 37) is adopted.

3. The plaintiff's motion to remand (Filing No. 23) is granted.
4. Defendant New Lachaussée, S.A.'s motion to dismiss (Filing No. 19) is denied as moot.
5. This case is remanded to the District Court of Hall County, Nebraska.

Dated this 17th day of November, 2025.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge